UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TANA ANDERSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE, and CIANNE KALLUNKI, Revenue Agent,<br><br>Respondents. | MC 12-12-BLG-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Petitioner Tana Anderson ("Anderson") is proceeding *pro se*. She has filed with the Court a "Petition to Quash IRS Third Party Summons" issued by Respondent United States Internal Revenue Service ("IRS") through its agent, Respondent Cianne Kallunki ("Kallunki"). *ECF 1*.[1] Anderson claims Respondent the United States of America ("US"), the IRS, and Kallunki (collectively "Respondents")

---

[1] The ECF citation refers to the document as it is numbered in the Court's electronic filing system. Citations to page numbers refer to those assigned by the ECF system.

violated statutory provisions governing issuance of third-party summonses when Kallunki issued a summons to First Interstate Bank in Billings, Montana, seeking some of Anderson's financial records. *Id. at 2-4.*[2] Anderson seeks a Court order quashing the summons as well as other relief, including monetary damages. *Id. at 4.*

Respondents now move to dismiss Anderson's petition under Rules 12(b)(1) and (6).[3] *Mtn. to Dismiss Petition to Quash (ECF 8).* Having reviewed the record, the Court recommends that Respondents' motion be granted for the reasons discussed below.

I.   **BACKGROUND**

The IRS, through Kallunki, is examining Anderson's federal income tax liability for tax years 2007 through 2011, for which Anderson did not file federal income tax returns. *Declaration of Cianne*

---

[2]Kallunki also issued a summons for Anderson's bank records from Prairie Mountain Bank in Great Falls, Montana. Anderson also has filed a motion to quash that summons that is presently pending in the Great Falls Division of this Court in *Anderson v. U.S. Internal Revenue Service, et al.*, MC 12-04-GF-RKS (D. Mont. 2012).

[3]References to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

*Kallunki in Support of Motion to Dismiss the Petition to Quash (ECF 10) at ¶ 2.* The IRS provided Anderson notice that it may contact third parties for information during the examination as follows: (1) on August 4, 2011, the IRS sent to Anderson's last known address IRS Publication 1 ("Your Rights as a Taxpayer"), which informs taxpayers that the IRS may contact third parties regarding the examination; and (2) on March 9, 2012, the IRS sent to Anderson's current address an additional copy of "Your Rights as a Taxpayer" and Notice 609 ("Privacy Act Notice"). *ECF 10 at ¶ 3 and ECF 10-1 at 4-7.*

On November 14, 2012, Kallunki served a copy of an IRS administrative summons on First Interstate Bank by certified mail. The summons directed the bank to produce books, records, papers, and other data described in the summons relating to Anderson's accounts and the accounts for which Anderson has signature authority for the relevant period. *ECF 10 at ¶ 5.* Also on November 14, 2012, Kallunki sent notice of the summons to Anderson, who signed the certified mail receipt acknowledging receipt of the notice on November 19, 2012. *Id.*; *ECF 10-1 at 14.*

On December 10, 2012, Anderson filed her Petition to Quash IRS Third Party Summons. *ECF 1 at 1.* She sent copies of her petition, via certified mail, to Kallunki and First Interstate Bank. *ECF 1 at 5.*

In seeking to quash the summons, Anderson claims that: (1) the summons violates 26 U.S.C. § 7609(a)(1) because the IRS failed to timely notify her of the summons thus depriving her of the opportunity to timely file a petition to quash the summons under 26 U.S.C. § 7609(b)(1), *id. at ¶ 8*; (2) the IRS failed to give her advanced notice of contact with any third party or to periodically provide her with a record of persons contacted by the IRS about her as required by 26 U.S.C. § 7602(c)(1) & (2), *id. at ¶ 9*; (3) the IRS issued the summons while a referral for criminal prosecution was pending with the Department of Justice in violation of 26 U.S.C. § 7602(d)(2)(A), *id. at ¶ 10*; (4) the IRS failed to meet the "good faith" requirement of *United States v. Powell*, 379 U.S. 48 (1964), because of the foregoing violations, *id. at ¶ 11*; and (5) Respondents have caused or will cause violations of her federal and state privacy rights by having her records turned over to the IRS, *id. at ¶12*.

On February 15, 2013, Respondents filed their motion to dismiss the petition to quash. *ECF 8*.

## II. **PARTIES' ARGUMENTS**

Respondents, who filed Kallunki's declaration in support of their motion, advance two principal arguments in seeking dismissal of Anderson's petition to quash the summons. *Mem. in Support of Respondents' Mtn. to Dismiss Pet. to Quash (ECF 9) at 3-4*. First, they argue that this Court lacks subject matter jurisdiction because: (1) they gave Anderson notice of the summons; (2) she verified receipt of notice of the summons; and (3) she failed to file her petition within the required 20-day limit. *Id*.

Second, Respondents argue that each of Anderson's alleged "causes of action" fails to state a claim upon which relief may be granted, thus subjecting the petition to dismissal under Rule 12(b)(6). Respondents argue that: (1) they provided Anderson the requisite notice of the summons in accordance with 26 U.S.C. § 7609(a), *id. at 4-5*; (2) they provided Anderson the requisite notice of contact with third parties in accordance with 26 U.S.C. § 7609(c), *id. at 5-6*; (3) there is no

5

Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), in effect for the period under examination at the time Kallunki issued the summons, *id. at 6*; (4) they issued the summons in good faith under the standards set forth in *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964), *id. at 6-8*; and (5) Anderson has failed to properly identify or specify which constitutional and privacy rights she claims have been violated or how they have been violated and thus has failed to state a claim, *id. at 8-9*.

In addition to the foregoing, Respondents make two additional arguments. First, they argue that the US is the only proper respondent and that the IRS and Kallunki should, therefore, be dismissed. *Id. at 9*. Second, they argue that Anderson has provided no basis for her claim for damages for alleged violations of her privacy rights under federal and state law. *Id.*

In response, Anderson states that "[t]he petition to quash the summons argues various issues, all of which were addressed by the respondents, saving one." *Petitioner's Opposition to United States' Mtn. to Dismiss Petition to Quash (ECF 13) at 1*. Anderson notes that the issue that Respondents failed to address is her allegation that they

violated 26 U.S.C. § 7602(c)(2) by failing to periodically provide her with a record of persons that the IRS contacted about her. *Id. at 2-3*. She argues that, although it could be argued that she could have requested a list of third-party contacts, the statute requires the IRS to "periodically provide" the taxpayer a record of persons contacted. Respondents have presented no evidence, Anderson argues, that they provided her with the list of third-party contacts. *Id. at 3-4*. Because of Respondents' failure, Anderson argues, they have failed to satisfy *Powell*'s good faith standard and the Court should deny their motion to dismiss. *Id. at 5*.

III. **DISCUSSION**

For the reasons that follow, the Court recommends that Respondents' motion be granted and that Anderson's petition be dismissed. As an initial matter, except for arguing that Respondents failed to address her claim that they did not comply with 26 U.S.C. § 7602(c)(2), Anderson does not contest, nor has she even addressed, any of Respondents' factual or legal challenges to the "causes of action" she raises in her petition to quash. In fact, Anderson goes so far as to

expressly concede in her response brief that "it is not disputed that the respondents' [sic] complied with Section 7602(c)(1)." *ECF 13 at 2*. Her failure to address any of Respondents' other bases for dismissal indicates to the Court that she concedes that all of Respondents' other arguments are well-taken. On this basis alone, her petition should be dismissed to the extent that it presents claims other than her claim that Respondents violated section § 7602(c)(2).

Even if Anderson had opposed Respondents' other arguments supporting the petition's dismissal, however, the Court nevertheless concludes that Respondents' arguments are well-taken. Thus, Respondents' motion must be granted.

First, Anderson's petition is untimely. Although a taxpayer has a right to begin a proceeding to quash a summons, the taxpayer must file it within 20 days after notice of the summons is given. 26 U.S.C. § 7609(b)(2). As Kallunki stated in her declaration, the IRS gave Anderson notice of the summons by certified mail on November 14, 2012. *ECF 10 at ¶ 5*; 26 U.S.C. § 7609(a)(2) (notice by certified mail complies with statute). Anderson verified receipt of the letter on

November 19, 2012. *ECF 10 at* ¶ 5. A taxpayer must file a motion to quash under section 7609 within 20 days of the mailing of the notice, not within 20 days of receipt of the notice. *Mollison v. U.S.*, 568 F.3d 1073, 1074, 1076 n.2 (9th Cir. 2009); *Berman v. U.S.*, 264 F.3d 16, 19 (1st Cir. 2001); *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990); *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir. 1985); 26 C.F.R. § 301.7609-4(b)(2) (2008) (proceeding to quash must be commenced "not later than the 20th day following the day the notice of the summons was ... mailed").

Here, as noted, the IRS mailed notice of the summons on November 14, 2012 – that is, more that 20 days before Anderson initiated these proceedings on December 10, 2012. Thus, under the foregoing authority, her petition is untimely and must be dismissed.

Second, even assuming Anderson had timely initiated these proceedings, her petition must be dismissed for failure to state a claim upon which relief can be granted. The Internal Revenue Code permits the Commissioner of the IRS to make "inquiries, determinations, and assessments of all taxes." *Stewart v. U.S.*, 511 F.3d 1251, 1254 (9th Cir.

9

2008) (quoting 26 U.S.C. § 6201(a)). To that end, the Commissioner can issue summonses "ordering that any person appear, produce documents, or give testimony relevant to an IRS investigation." *Id.* (citing 26 U.S.C. § 7602(a)). "The Supreme Court has made clear that this summons power must be construed broadly." *Id.* (citing *United States v. Arthur Young & Co.*, 465 U.S. 805, 816–17 (1984)). The IRS must comply, however, with the specific procedures outlined in 26 U.S.C. § 7609(a)(1)-(3) when it summons information relating to a taxpayer's records held by a third-party. *Id.*

As noted, a taxpayer may initiate proceedings to quash such a summons. When the taxpayer does so,

> the IRS must make a prima facie showing that the summons was issued in good faith. Specifically, the IRS must establish that the summons (1) was issued pursuant to a 'legitimate purpose'; (2) seeks information 'relevant' to that purpose; (3) seeks information that is 'not already within the Commissioner's possession'; and (4) satisfies all 'administrative steps required by the Code.'

*Id.* (quoting *U.S. v. Powell*, 379 U.S. at 57-58).[4]

---

[4] Some courts note that the *Powell* requirements are triggered only when the IRS moves or initiates an action to enforce the summons. *See, e.g., Peterson v. U.S.*, 2012 WL 682346, *2 (E.D. Pa. Mar. 2, 2012)

The Ninth Circuit has emphasized that the government's burden under *Powell* "is 'a slight one' and typically is satisfied by the introduction of a sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met." *Id.* (quoting *Fortney v. U.S.*, 59 F.3d 117, 120 (9th Cir. 1995)).

When the government has established its prima facie case to enforce the summons, "those opposing enforcement of a summons ... bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service.... Without a doubt, this burden is a heavy one." *Crystal v. U.S.*, 172 F.3d 1141, 1144 (9th

---

("When the Government opposes a petition to quash but does not seek to enforce compliance with the summons, the [G]overnment is not required to establish a prima facie case. Rather, the burden shifts immediately to the petitioner to establish a valid defense to the summons.") (internal quotation marks and citations omitted); *Kahler v. U.S.*, 1995 WL 776924, at *1 (D. Mont. Oct. 30, 1995) (citing *DeLeeuw v. IRS*, 681 F.Supp. 402, 404 (E.D. Mich. 1987)). Otherwise, the burden is upon the petitioner to establish a valid defense to the summons. Peterson, 2012 WL 682346, *2 (citing cases). Here, although Respondents have not moved to enforce the summons, the Court deems it appropriate to address the *Powell* requirements below and, for the reasons stated, concludes both that Anderson has failed to establish a valid defense and that Respondents are entitled to dismissal of Anderson's motion to quash the summons.

Cir. 1999) (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)). Thus, "[t]he burden then shifts to the taxpayer to show an abuse of process, e.g., that the summons was issued in bad faith for an improper purpose," *Liberty Fin. Serv. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985), mindful that "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992).

In the case at hand, Kallunki has introduced a declaration stating that the IRS began the examination for a legitimate purpose: "[T]o determine the correct federal income tax liabilities of Tana Anderson for the tax years 2007, 2008, 2009, 2010, and 2011, for which Ms. Anderson has failed to file federal income tax returns." *ECF 10 at ¶ 2*. Second, Kallunki declares that the material being sought is relevant to that purpose: "The summoned bank account records may be relevant to determine the taxpayer's income during the years at issue, which are under audit examination." *Id. at ¶ 6*. Third, Kallunki declares that: "None of the information requested is in the possession of the IRS." *Id*. Finally, Kallunki declares that in issuing the summons, the IRS

complied with all administrative requirements. *Id. at ¶¶ 3, 5, and 7* (stating that "[a]ll administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed."). The Court concludes that Respondents have established a prima facie case that the summons was issued in good faith based on Kallunki's declaration.

The Court further concludes for the reasons that follow that Anderson has failed to meet her "heavy" burden of demonstrating that Respondents did not issue the summons in good faith or in accordance with the requisite administrative procedures. Thus, her petition must be dismissed.

Respecting Anderson's "first cause of action," Kallunki's declaration makes clear that the IRS provided notice of the summons to Anderson by sending her a copy by certified mail on November 14, 2012. *ECF 10 at ¶ 5*. Anderson acknowledged receipt of the notice on November 19, 2012. *Id*. First Interstate Bank was required to comply with the summons by December 14, 2012. *ECF 10-1 at 9*. Thus, Anderson received notice more than 23 days before the date set in the

summons for record production.  Anderson's claim of lack of timely notice fails.

Respecting Anderson's "second cause of action," as noted above Anderson concedes that Respondents complied with 26 U.S.C. § 7609(c)(1), which requires the IRS to provide the taxpayer with reasonable notice that contacts with third-parties may be made.  *ECF 13 at 2*.  Also, to the extent Anderson claims that the IRS failed to comply with 26 U.S.C. § 7609(c)(2) by not providing her with a list of all third parties that the IRS contacted pursuant to its examination, the Court is not persuaded.  Respondents were under no obligation to notify Anderson under 26 U.S.C. § 7609(c)(2) of its issuance of the First Interstate Bank summons because Anderson already had such notice under § 7609(a)(1) when Kallunki sent her a copy of the summons on November 14, 2012.  *Williams v. U.S.*, 2013 WL 594898, at *3 (D. Or. Jan. 23, 2013), *adopted in full* 2013 WL 594897 (D. Or. Feb. 14, 2013) (citing *Peterson v. U.S.*, 2012 WL 682346, at *4 (E.D. Pa. Mar. 2, 2012) (quoting 26 C.F.R. § 301.7602–2(e)(3) ("A post-contact record under this section need not be made, or provided to a taxpayer, for third-party

contacts of which the taxpayer has already been given a similar record pursuant to another statute, regulation, or administrative procedure.")). Anderson has failed to provide any evidence that the IRS contacted any parties other than First Interstate Bank and Prairie Mountain Bank, the third party involved in *Anderson v. U.S. Internal Revenue Service, et al.*, MC 12-04-GF-RKS (D. Mont. 2012). Anderson's claim of lack of notice of third party contact fails.

Respecting Anderson's "third cause of action," Kallunki declares that there was no Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), respecting Anderson during the periods under examination. *ECF 10 at ¶ 8*. Anderson has presented no evidence to rebut this. Thus, Anderson's claim that the IRS issued the summons while a referral for criminal prosecution was pending with the Justice Department fails.

Respecting Anderson's "fourth cause of action," her argument that Respondents failed to meet the "good faith" requirement set forth in *Powell* is unavailing. Her argument in this "cause of action" depends on findings in her favor respecting the causes of action discussed above.

As noted, her other "causes of action" fail and she has presented no evidence that would give rise to an inference that Respondents failed to meet *Powell's* "good faith" requirement respecting the summons at issue here. Thus, Anderson's claim fails.

Respecting Anderson's "fifth cause of action" – that Respondents have caused or will cause the violation of her federal and state privacy rights by having her records turned over to the IRS – the Court is not persuaded. Anderson has not specified the "Privacy Laws" on which she bases this claim. If she intended to assert a violation of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., it expressly states that "[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by [the Internal Revenue Code]." 12 U.S.C. § 3413(c). Also, the notice requirements in 26 U.S.C. § 7609(a), discussed herein, diminish any privacy concerns in cases such as this one in which the IRS knows the individual being investigated. *See Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 320 (1985). Thus, Anderson's claim fails.

Finally, the Court concludes that Respondents' remaining two

arguments have merit. First, the US is the only proper respondent to a petition to quash an IRS summons. *Peterson*, 2012 WL 682346, at *1, n.1 (citing *DeLeeuw v. I.R.S.*, 681 F.Supp. 402, 403-04 (E.D. Mich. 1987)); *Oldham v. U.S.*, 2002 WL 1077311, at *1, n.1 (D. Or. Mar. 21, 2002) (citations omitted). Second, Anderson has provided no basis for claiming damages under this case's circumstances. Thus, any claim for damages on the current record fails.

IV. **CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Respondents' motion to dismiss *(ECF 8)* be GRANTED and that Anderson's petition to quash IRS third-party summons *(ECF 1)* be DISMISSED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service

hereof, or objection is waived.

DATED this 23rd day of April, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge